JOHN G. SCHAEFER v. THE EVANGELICAL LUTHERAN
ST. PAUL'S CHURCH *et al.*

No. 13,429. (74 Pac. 1119.)

SYLLABUS BY THE COURT.

DAMAGES—*Justification by Mere Volunteer.* If one seek to jus-
tify an act apparently wrong because he is defending the contract
rights of another, he must show authority from such other so to
act. As a mere volunteer he cannot justify.

Error from Sedgwick district court; D. M. DALE,
judge. Opinion filed January 9, 1904. Reversed.

*I. P. Campbell & Son,* for plaintiff in error.

*S. B. Amidon,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The wife of the plaintiff, John
G. Schaefer, who was an elderly German, died early
in the year 1899, and he purchased a lot and buried
her in the cemetery belonging to the Evangelical Lu-
theran Saint Paul's Church, an organization composed
of his German friends and neighbors, to which his
wife had belonged. This cemetery was on land adja-
cent to the church building.

In 1901 his daughter died with the scarlet fever,
and at the same time another daughter and a son
were very sick with the same disease. He sent a
neighbor to the cemetery where he had buried his
wife, with instructions to prepare a grave for the in-
terment of his daughter, and to hasten the same as
much as possible, the physicians having directed that,
on account of the contagious character of the disease,
she should be buried soon. When the neighbor ar-
rived at the churchyard he was met by the defendant

20—68 KAN.

R. Krenke, the preacher in charge of this German congregation, who refused to permit the grave to be dug, and addressed a letter to Mr. Schaefer stating such refusal, and also saying that the congregation had adopted a rule that only members of the church were entitled to be buried in the cemetery; that the daughter could not be buried there; and that he would not officiate at the funeral, nor would any other minister be permitted to do so. This having been communicated to Schaefer, he directed that arrangements be made to bury the dead daughter at Cheney, a point five miles away. The men sent to dig this grave failed to find the authorities so as to get permission and had to return. In returning they met Mr. Schaefer upon the road with the body of his dead child, hastening to bury it. He was compelled to return to the home and wait until the next day, when the proper arrangements could be made.

This action was brought against the church in its corporate capacity, and the trustees and the preacher in their individual capacities, to recover damages, actual and punitive, for the indignities offered. A verified general denial, admitting, however, the corporate character of the church, was filed, and afterward an amendment thereto, which, as a justification for the refusal to permit the burial of the plaintiff's daughter, pleaded that she was not a member in good standing in the church nor a communicant, and that the rule of the church denied to such persons burial in the cemetery. Upon the trial the plaintiff showed the denial on the part of Krenke to the right of burial for plaintiff's daughter, and upon cross-examination it was shown that this right was denied because, as was claimed, the daughter was not a member or communicant of the church. It appears in evidence that

Krenke assumed to speak for the church and its trustees, but there was no testimony that he had authority so to speak; indeed, such authority was denied. A demurrer to the evidence was sustained as to all of the defendants.

The matter contained in the answer, being verified, was sufficient to put the burden upon Mr. Schaefer to prove the authority on the part of Krenke to speak for the corporation and for its trustees in their individual capacities. This not having been done, he failed to make out any case against them. As to Mr. Krenke, his only justification was that the church had a rule under which he assumed to act, but merely as a volunteer; he distinctly disclaimed any right or authority from the congregation so to act.

The law, not being made to enforce the amenities nor always the ethics of life, recognizes the right of a church to enact and enforce such a rule, and had it been in existence at the time Mr. Schaefer purchased his lot, or had there at that time been reserved in the by-laws of the corporation the right subsequently to enact such a rule, he would be bound thereby; but no such showing is found in the evidence. Nor could Mr. Krenke justify his action under a rule of the church, even had such rule been binding upon Mr. Schaefer, when he had no authority to speak for the church. One may not push himself forward to defend the contract rights of another without authority and while disclaiming authority.

We think the action of the court below was correct as to the corporation and the trustees and wrong as to Mr. Krenke. To this extent the judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.